IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | | |
|---|---|---|
| LARRY TYNDALL, | * | |
| Plaintiff, | * | |
| v. | * | CV 121-017 |
| COMPANION SECURITY GROUP, LLC, | * | |
| Defendant. | * | |

ORDER

Before the Court is Defendant Companion Security Group, LLC's Motion to Consolidate Related Cases. (Doc. 9.) Defendant seeks to consolidate the present action into Case Number 1:21-cv-16 pursuant to Federal Rule of Civil Procedure 42(a).

I. BACKGROUND

The underlying cases involve a husband, Larry Tyndall, and wife, Vanessa Tyndall, who bring almost identical amended complaints, seeking to recover for unpaid work time, unpaid overtime, liquidated damages, and attorney's fees and costs under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 203, *et. seq.* (Compare Am. Compl., Tyndall v. Companion Sec. Grp., LLC, No. 1:21-cv-17, Doc. 13, with Am. Compl., Tyndall v. Companion Sec. Grp., LLC, No. 1:21-cv-16, Doc. 16.)

Defendant asserts both cases involve common questions of law and fact, and that consolidation will lower the risk of inconsistent findings on legal and factual issues as well as reduce the burdens on both the parties and judicial system by conserving time and resources. (See Doc. 9.) Plaintiff Larry Tyndall opposes the consolidation, asserting the cases are not "intertwined" legally or factually, the same Judges are assigned to both cases so there is no risk of prejudice or inconsistencies, great burdens are not expected by the parties through discovery, and "not everything in marriage has to be done together" so Mr. and Mrs. Tyndall should be permitted to bring separate lawsuits. (See Doc. 15.)

## II. LEGAL STANDARD

Rule 42(a) provides: "If actions before the court involve a common question of law or fact, the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay." FED. R. CIV. P. 42(a). "This rule is a codification of a trial court's inherent managerial power to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." Hendrix v. Raybestos-Manhattan, Inc., 776 F.2d 1492, 1495 (11th Cir. 1985) (internal citation and quotations omitted). In

exercising its discretion under Rule 42(a), the district court must consider:

> Whether the specific risks of prejudice and possible confusion are overborne by the risk of inconsistent adjudications of common factual and legal issues, the burden on parties, witnesses and available judicial resources posed by multiple lawsuits, the length of time required to conclude multiple suits as against a single one, and the relative expense to all concerned of the single-trial, multiple-trial alternatives.

Id. at 1495 (quoting Arnold v. E. Air Lines, Inc., 681 F.2d 186, 193 (4th Cir. 1982) (alterations adopted)). The Court must also consider how "the risks of prejudice and confusion that might attend a consolidated trial can be alleviated by utilizing cautionary instructions to the jury during the trial and controlling the manner in which the plaintiffs' claims (including the defenses thereto) are submitted to the jury for deliberation." Id. Further, "[d]istrict court judges in this circuit have been urged to make good use of Rule 42(a) in order to expedite the trial and eliminate unnecessary repetition and confusion." Young v. City of Augusta, 59 F.3d 1160, 1169 (11th Cir. 1995) (quotations omitted and alterations adopted). The decision to consolidate "is entirely within the discretion of the district court as it seeks to promote the administration of justice." Gentry v. Smith, 487 F.2d 571, 581 (5th Cir. 1933).

### III. ANALYSIS

The underlying cases involve a husband and wife pursuing identical claims against Defendant under the FLSA. Aside from Mr. and Mrs. Tyndall's different shifts and supervisors, Plaintiff Larry Tyndall asserts no further differentiating factors between the two cases. The Court finds that the specific risks of prejudice and possible confusion are overborne by the risk of inconsistent adjudications at trial. Further, the Court is confident that proper cautionary jury instructions can be utilized to correct any possible awry perceptions Plaintiff Larry Tyndall raises might be an issue. (See Doc. 15, at 3.)

The Court therefore finds the parties, witnesses, and judicial system will save time and resources by consolidating these cases into a single suit. Given this, the benefits of consolidation far outweigh any prejudice to the parties. Accordingly, the Court grants Defendant's motion to consolidate.

### IV. CONCLUSION

For the reasons set forth above, the Court **DIRECTS** the Clerk of Court to **CONSOLIDATE** Case Number 1:21-cv-17 into Case Number 1:21-cv-16, **CLOSE** Case Number 1:21-cv-17, and enter the appropriate judgment of dismissal. All future filings must be made in case number 1:21-cv-16. In addition, it is **ORDERED** that Plaintiffs Larry Tyndall and Vanessa Tyndall file a consolidated

amended complaint within **FOURTEEN (14) DAYS** from the date of this Order.

**ORDER ENTERED** at Augusta, Georgia, this 2nd day of June, 2021.

J. RANDAL HALL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA